UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| TORREY BROWNE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-12648-LTS |
| NCO FINANCIAL SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) ) | |

ORDER

July 21, 2014

SOROKIN, D.J.

Torrey Browne, a pro se Plaintiff, filed this action on May 27, 2014, in the Small Claims Session of the Quincy District Court, asserting a federal claim, that the Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. Doc. No. 5 at 1, 3. On June 26, 2014, the Defendant filed a notice of removal to this Court based on federal question jurisdiction. Doc. No. 1. On June 30, 2014, Defendant filed a motion under Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's action for failure to state a claim, Doc. No. 3.

Under the Local Rules, Plaintiff has fourteen days to oppose Defendant's motion to dismiss. LR, D. Mass 7.1. Thus, Plaintiff's opposition was due on July 14, 2014. The Court now Orders Plaintiff to respond to Defendant's motion to dismiss by August 20, 2014. If

Plaintiff fails to file a response to the motion to dismiss by that date, Plaintiff faces dismissal of her claim due to failure to prosecute and failure to obey this Court Order.

The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of her failure to prosecute is well-established and is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, Inc., 296 F.3d at 45-46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Accordingly, it is hereby ORDERED that by the close of business on August 20, 2014, the Plaintiff shall respond to Defendant's motion to dismiss.

SO ORDERED.

 /s/ Leo T. Sorokin  
Leo T. Sorokin  
United States District Judge
